IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | No. A-08-CR-250(02)- LY |
| SOPHIA MARIA VENEGAS | § | |

**SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SOPHIA MARIA VENEGAS, Defendant in the above entitled and numbered cause, and respectfully submits this sentencing memorandum and would show the Court as follows:

I.

Venegas is currently set for sentencing in the above cause on March 27, 2009. Venegas had previously pled guilty to a charge of Aiding and Abetting the Possession with Intent to Distribute Cocaine on January 15, 2009. The maximum term of imprisonment for this count is 20 years. Under the guidelines, the range of imprisonment for Venegas is 135 to 168 months. Venegas filed objections to the PSIR, which are pending.

II.

Venegas's role in this offense was that of being involved in the sale of cocaine, and cohabiting with her co-defendant, Solis. Solis, in addition to cocaine, kept ICE and

Methamphetamines in containers behind a safe, out of plain view, in the rear of a closet surrounded by men's clothing. Venegas has been on bond pending the resolution of this case since June 30, 2008, and has been in perfect compliance for the duration of her pretrial release.

### III.

Venegas has no prior criminal history, as reflected by her 0 criminal history points as indicated in the PSIR. Her only prior charge was a Possession of Marijuana in 1999, which resulted in a dismissal pursuant to a deferred prosecution agreement, when she was 14 years old. She has engaged in no other criminal activity, beyond the offense in this case.

### IV.

Prior to becoming involved in a relationship with her co-defendant Solis, Venegas engaged in no criminal behavior. Venegas had only been seeing Solis for a few months before they were arrested. Her aiding and abetting Solis in his criminal activities stemmed entirely from Solis holding out the possibility of a better life for Venegas's children if she helped him. Solis deliberately used Venegas to aid him, as he was on federal supervised release and had told Venegas that if she were caught that she would be released the next day and not face serious ramifications. Solis told her that if she got caught she would just get some probation, but if he got caught he would go to prison. Venegas's last boyfriend before Solis was very abusive, and Solis used that situation to manipulate Venegas into helping him with his illegal activities.

V.

Venegas has for the majority of her life worked in perfectly legitimate enterprises, most recently as a teller at Washington Mutual, and before that at Public Employees Credit Union. Even when she was helping Solis sell cocaine, she kept her job with Washington Mutual. Venegas has three children, and for two of them she is the primary caregiver and provider, and the majority of her time is spent either working or caring for her children. The father of her oldest child, Luis Ruiz, has custody of their daughter, and reported that this behavior was out of character for Venegas.

VI.

A variance should be made in this case, and Venegas should be sentenced to a term of probation, despite the higher guideline range. Venegas has no prior criminal history. Before engaging in her relationship with Solis, Venegas provided for her children by working as a bank teller, and only engaged in the criminal enterprise because of Solis's manipulation. With his twisted logic, he convinced her that they would somehow help her children have a better life. Venegas has been on pretrial release for a significant period of time, and has been in perfect compliance with the conditions of her bond. In the event that Venegas is sentenced to a term of imprisonment, the two children for whom she is the primary caregiver and provider will be displaced and alternate arrangements will have to be made for their care. Because of all these factors, under §3553 a term of probation is the reasonable and just sentence. A guideline sentence would be unreasonable considering the §3553 factors.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court consider this Sentencing Memo.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON,
804 Rio Grande Street
Austin, Texas 78701
(512) 472-8392
FAX (512) 473-8417
Texas Bar No. 15317000

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Doug Gardner, AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR